**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Secretary, Vermont Agency of
Natural Resources,  Plaintiff,

v.

Mountain Valley Marketing, Inc., ,
Respondents

Docket No. 41-2-02 Vtec

(Stage II Vapor Recovery)

Secretary, Vermont Agency of
Natural Resources,  Plaintiff,

v.

Premium Petroleum, Inc.,
Respondents

Docket No. 278-12-02 Vtec

(Stage II Vapor Recovery)

Secretary, Vermont Agency of
Natural Resources,  Plaintiff,

v.

Premium Petroleum, Inc, Odessa
Corp., Timberlake Associates, and
Wesco, Inc.,  Respondents

Docket No. 176-8-02 Vtec

(Stage I Vapor Recovery)

Secretary, Vermont Agency of
Natural Resources,  Plaintiff,

v.

Premium Petroleum, Inc, Odessa
Corp., Timberlake Associates, and
Wesco, Inc., Respondents

Docket No.  175-8-02 Vtec

(Hazardous Waste
Management Regulations)

<u>Decision and Order on Motions for Summary Judgment - Selective Enforcement</u>

In Docket No. 41-2-02 Vtec on January 24, 2002, the Secretary of the Vermont Agency of Natural Resources (ANR) issued an administrative order pursuant to 10 V.S.A. ' 8008 regarding Respondent Mountain Valley Marketing, Inc., which timely requested a hearing in Environmental Court. This administrative order alleged violations of the Air Pollution Control Regulations regarding Stage II Vapor Recovery. In Docket No. 278-12-02 Vtec on November 26, 2002, the Secretary of the Vermont Agency of Natural Resources (ANR) issued another administrative

order pursuant to 10 V.S.A. ' 8008 also alleging violations of the Stage II Vapor Recovery Regulations regarding Respondent Premium Petroleum, Inc., which also timely requested a hearing in Environmental Court.

In Docket No. 176-8-02 Vtec, on July 31, 2002 the Secretary of the Vermont Agency of Natural Resources (ANR) issued an administrative order pursuant to 10 V.S.A. ' 8008 regarding Respondents Premium Petroleum, Inc, Odessa Corp., Timberlake Associates, and Wesco, Inc., which timely requested a hearing in Environmental Court. This administrative order alleged violations of the Air Pollution Control Regulations regarding Stage I Vapor Recovery.

In Docket No. 175-8-02 Vtec, on July 31, 2002 the Secretary of the Vermont Agency of Natural Resources (ANR) issued an administrative order pursuant to 10 V.S.A. ' 8008 regarding Respondents Premium Petroleum, Inc, Odessa Corp., Timberlake Associates, and Wesco, Inc., which timely requested a hearing in Environmental Court. This administrative order alleged violations of the Hazardous Waste Management Regulations regarding exempt and small-quantity generators of hazardous waste.

In all the above-captioned cases, all Respondents (which are all related corporations or entities) are represented by Jon Anderson, Esq., William E. Simendinger, Esq. and Kathryn Sarvak; and the Agency of Natural Resources is represented by Catherine Gjessing, Esq.

The Secretary first argues that V.R.C.P. 56, providing for summary judgment, does not apply to proceedings under 10 V.S.A. Chapter 201. V.R.C.P. 76(a)(3). The Secretary is correct that V.R.C.P. 56 summary judgment does not apply, but the Court may provide for the A disposition of legal issues prior to the hearing@ as it has done in these cases, by allowing the filing of memoranda analogous to motions for summary judgment. V.R.C.P. 76(d)(3)(D).

Respondents seek to make the argument that they have been unconstitutionally singled out for enforcement. To succeed in an argument of selective enforcement, particularly in a civil case, they must satisfy both prongs of a two-part test, as reiterated by the Vermont Supreme Court in In re Appeals of Letourneau 168 Vt. 539, 549 (1998, as corrected 1999), first, that A the person, compared with others similarly situated, was selectively treated;@ and, second, that the A selective treatment was based on impermissible considerations such as . . . intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.@ And see LeClair v Saunders, 627 F.2d 606, 608 (2d. Cir. 1980).

Material facts are in dispute at least as to whether any of the Respondent entities are similarly situated as compared with any other entities subject to the Vapor Recovery or Hazardous Waste regulations, and for that reason alone Respondents= motion must be denied. If Respondents wish to present at trial evidence of selective enforcement, they will first have to show that they were similarly situated as compared with the other entities with which they wish the comparison to be made, before putting on evidence of selective treatment. Similarly, on the other prong of the test, they will have to show that the selective treatment was due to the Agency= s intent to inhibit or punish the exercise of constitutional rights, or its malicious or bad faith intent to injure a person.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Respondents= motions for judgment as a matter of law on the issue of selective enforcement are DENIED. We will hold a further telephone conference under V.R.C.P. 76(d)(3)(D) on July 23, 2003 to discuss whether and when these matters may be set for trial. (Please see enclosed conference notice and two other orders issued this date in the above-captioned cases.)

Done at Barre, Vermont, this 7th day of July, 2003.

_____
Merideth Wright
Environmental Judge